UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DUNKIN' DONUTS FRANCHISED
RESTAURANTS LLC, a Delaware
limited liability company, DD IP
HOLDER LLC, a Delaware limited
liability company. BASKIN-ROBBINS
FRANCHISED SHOPS LLC, a
California limited liability company,
BR IP HOLDER LLC, a Delaware
limited liability company,

        Plaintiffs,

v.

BERTLING, INC., a Florida
corporation, DALE A. BERTLING,
an individual, CHARMAINE J.
BERTLING, an individual, and
ROBERT W. BYWELL, an
individual,

        Defendants.
_____/

Case No. 8:06-cv-2047-T-30MAP

**PARTIAL DEFAULT FINAL JUDGMENT PERMANENTLY ENJOINING
OPERATION OF DUNKIN' DONUTS/BASKIN-ROBBINS SHOPS**

THIS CAUSE having come before the Court upon Plaintiffs' Motion for Entry of Partial Default Final Judgment and Supporting Memorandum of Law (the "Motion") and the Court, being otherwise duly advised in the premises, finds as follows:

1.    Dunkin' Donuts Franchised Restaurants LLC, successor-in-interest to Dunkin' Donuts Incorporated and Dunkin' Donuts, LLC ("Dunkin'" or "Dunkin' Donuts"), is a Delaware limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts.

2. DD IP Holder, LLC, Dunkin' Donuts' wholly-owned subsidiary and successor-in-interest to Dunkin' Donuts USA, Inc., is a Delaware limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts.

3. Baskin-Robbins Franchised Shops LLC, successor-in-interest to Baskin-Robbins USA, Co. and Baskin-Robbins, LLC ("Baskin" or "Baskin-Robbins"), is a California limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts.

4. BR IP Holder LLC, successor-in-interest to Baskin-Robbins Incorporated, is a Delaware limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts.

5. Dunkin' Donuts is engaged in the business of franchising independent business persons to operate Dunkin' Donuts shops throughout the United States.

6. Dunkin' Donuts' wholly owned subsidiary, DD IP Holder LLC, is the owner of the trademark, service mark, and trade name "Dunkin' Donuts" and related marks. Dunkin' Donuts has the exclusive license to use and license others to use these marks and trade name and has used them continuously since approximately 1960 to identify its doughnut shops, and the doughnuts, pastries, coffee and other products associated with those shops.

7. DD IP Holder LLC owns numerous federal registrations for the mark "Dunkin' Donuts" and related marks. Among those registrations are Registration Nos. 748,901, 1,148,165, and 1,159,354. Each of these registrations is in full force and effect, and incontestable pursuant to 15 U.S.C. § 1065.

8. The Dunkin' Donuts trademarks and trade name are distinctive and famous and have acquired secondary meaning.

9. The Dunkin' Donuts trademarks and trade name are utilized in interstate commerce.

10. The Dunkin' Donuts trademarks have been very widely advertised and promoted by Dunkin' Donuts over the years. As a result, the Dunkin' Donuts trademarks have become distinctive and famous throughout the United States.

11. Dunkin' Donuts and its franchisees currently operate approximately 4,100 shops in the United States and 1,800 shops outside the Untied States. Dunkin' Donuts shops feature Dunkin' Donuts' distinctive trade dress, including the pink and orange color scheme, and the frankfurter lettering style. In the more than forty (40) years since the Dunkin' Donuts system began, millions of customers have been served in Dunkin' Donuts shops.

12. As a result of the extensive sales, advertising, and promotion of items identified by the Dunkin' Donuts trademarks, the public has come to know and recognize the Dunkin' Donuts marks, and associate them exclusively with products and services offered by Dunkin' Donuts and its franchisees. The Dunkin' Donuts marks are among the best and most widely known trademarks in the United States today, and are assets of inestimable value to Dunkin' Donuts, representing and embodying Dunkin' Donuts' considerable goodwill and favorable reputation.

13. Baskin-Robbins is engaged in the business of franchising independent business persons to operate Baskin-Robbins shops throughout the United States.

14. BR IP Holder LLC is the owner of the trademark, service mark, and trade name "Baskin-Robbins" and related marks. Baskin-Robbins has the exclusive license to use these marks and trade names and has used them continuously since approximately 1947 to identify its ice cream stores, and the ice cream and other products associated with those stores.

15. Baskin-Robbins is authorized to use the Baskin-Robbins' trademarks, service marks, and trade names and to sublicense Baskin-Robbins franchisees to use these trademarks and trade names.

16. BR IP Holder LLC owns numerous federal registrations for the mark "Baskin-Robbins" or derivations thereof, as well as related marks. Among those registrations are Registration Nos. 1,185,045, 3,124,982 and 3,124,983. Each of these registrations is in full force and effect, and most of them are incontestable pursuant to 15 U.S.C. § 1065.

17. The Baskin-Robbins trademarks are used in interstate commerce.

18. The Baskin-Robbins trademarks have been very widely advertised and promoted by Baskin-Robbins over the years. As a result, the Baskin-Robbins trademarks have become distinctive and famous throughout the United States.

19. Baskin-Robbins and its franchisees currently operate approximately 2,200 stores in the United States and 2,600 stores outside the United States. In the more than fifty (50) years since the Baskin-Robbins system began, millions of customers have been served in Baskin-Robbins stores.

20. As a result of the extensive sales, advertising, and promotion of items identified by the Baskin-Robbins trademarks, the public has come to know and recognize the Baskin-Robbins marks and associate them exclusively with the products and services offered by Baskin-Robbins and its franchisees. The Baskin-Robbins marks are among the best and most widely known trademarks in the United States today, and are assets of inestimable value to Baskin-Robbins, representing and embodying Baskin-Robbins' considerable goodwill and favorable reputation.

21.   On August 23, 1996, Dunkin' Donuts and defendant Bertling, Inc. ("Bertling") entered into a Dunkin' Donuts Franchise Agreement (the "66th Street Franchise Agreement"), pursuant to which Bertling was authorized to operate a retail doughnut shop located at 4419 66th Street N., St. Petersburg, Florida 33709 (the "66th Street Shop") utilizing Dunkin' Donuts' trademarks, trade names, proprietary information and system.

22.   On August 17, 2004, Dunkin' Donuts, Baskin-Robbins and Bertling entered into a Franchise Agreement (the "Pasadena Street Franchise Agreement"), pursuant to which Bertling was authorized to operate a retail doughnut and ice cream shop located at 1200 Pasadena Avenue S., South Pasadena, Florida 33707 (the "Pasadena Shop") utilizing Dunkin' Donuts' and Baskin-Robbins' trademarks, trade names, proprietary information and systems.

23.   On March 12, 1999, Dunkin' Donuts, Baskin-Robbins and Bertling entered into a Franchise Agreement (the "Seminole Franchise Agreement"), pursuant to which Bertling was authorized to operate a retail doughnut and ice cream shop located at 8490 Park Boulevard, Seminole, Florida 33777 (the "Seminole Shop") utilizing Dunkin' Donuts' and Baskin-Robbins' trademarks, trade names, proprietary information and systems.

24.   Pursuant to the 66th Street Franchise Agreement, the Pasadena Franchise Agreement and the Seminole Franchise Agreement (collectively, the "Franchise Agreements"), Bertling was required to pay franchise and advertising fees and other amounts to Dunkin', Baskin-Robbins and their affiliates.

25.   Bertling breached the Franchise Agreements by failing to pay franchise and advertising fees and other amounts owed to Dunkin' Donuts, Baskin-Robbins and their affiliates.

26.   On September 12, 2006, Dunkin' Donuts and Baskin-Robbins sent individual Notices to Cure to Bertling demanding payment of amounts due under the Franchise Agreements

and other agreements materially affecting operation of the shops subject of the Franchise Agreements.

27. Bertling failed to cure the defaults set forth in the Notices to Cure.

28. On October 4, 2006, Dunkin' Donuts and Baskin-Robbins sent individual Notices of Termination to Bertling, pursuant to which Dunkin' Donuts and Baskin-Robbins notified Bertling that the Franchise Agreements were terminated due to Bertling's failure to cure the noticed defaults.

29. The Franchise Agreements were properly terminated in accordance with the their terms, effective October 4, 2006.

30. On November 3, 2006, plaintiffs Dunkin' Donuts, DD IP Holder LLC, Baskin-Robbins and BR IP Holder LLP (collectively, "Plaintiffs") filed a Complaint for Injunctive Relief and Damages (the "Complaint") against defendants Bertling, Inc., Dale A. Bertling and Charmaine J. Bertling.

31. On November 14, 2006, defendants Bertling and D. Bertling were served with the Summons and a copy of the Complaint.

32. Defendants Bertling and D. Bertling failed to serve or file any responsive document or otherwise appear in this case.

33. On December 13, 2006, a default was entered against defendants Bertling and D. Bertling.

34. As a result of defendant Bertling's continued operation of the Pasadena Shop and the Seminole Shop subsequent to October 4, 2006 and failure to de-identify the 66th Street Shop, Plaintiffs have been and continue to be irreparably harmed.

35. Plaintiffs have no adequate remedy at law and are entitled to permanent injunctive relief prohibiting defendants Bertling and D. Bertling from operating the 66th Street Shop, the Pasadena Shop and the Seminole Shop and from otherwise infringing on Plaintiffs' trademarks and trade name.

Based on the foregoing finding of fact and conclusions of law, it is ORDERED, ADJUDGED and DECREED as follows:

1. The Motion is GRANTED.

2. Defendants Bertling, Inc. and Dale A. Bertling, individually and collectively, and all those acting in concert therewith, are permanently enjoined from operating (i) the Dunkin' Donuts Shop located at 4419 66th Street N., St. Petersburg, Florida 33709, (ii) the Dunkin' Donuts/Baskin-Robbins Shop located at 1200 Pasadena Avenue S., South Pasadena, Florida 33707, and (iii) the Dunkin' Donuts/Baskin-Robbins Shop located at 8490 Park Boulevard, Seminole, Florida 33777.

3. Defendants Bertling, Inc. and Dale A. Bertling, individually and collectively, and all those acting in concert therewith, are permanently enjoined from utilizing Plaintiffs' trademarks, trade names, service marks, proprietary and confidential information and systems.

4. Defendant Bertling, Inc. and Dale A. Bertling shall:

    a. Not directly or indirectly at any time or in any manner use any trademarks, service marks or trade dress used to identify the products and/or services offered by Dunkin Donuts and/or Baskin-Robbins shops, including the marks Dunkin' Donuts®, Baskin-Robbins® or the distinct building designs and interior and exterior color schemes (collectively, the "Marks") or any colorable imitation or other indicia of a Dunkin' Donuts and/or Baskin-Robbins shop;

7

b. Discontinue using for any purpose all signs, fixtures, furniture, décor items, advertising materials, forms and other materials and supplies which display any of the Marks or any distinctive features, images, or designs associated with a Dunkin' Donuts and/or Baskin-Robbins shop;

c. Promptly remove from all buildings and premises, and discontinue using for any purpose, all signs, fixtures, furniture, décor items, advertising materials, forms and other materials and supplies which display any of the Marks or any distinctive features, images, or designs associated with a Dunkin' Donuts and/or Baskin-Robbins shop and, at their own expense, make such alterations as may be necessary to distinguish all buildings so clearly from their former appearance as Dunkin' Donuts and/or Baskin-Robbins Shops as to prevent any possibility of confusion to the public; and

d. Immediately cease use of all Confidential Information, as defined in the Franchise Agreements, and return to Plaintiffs all copies of all Operations Manuals and other confidential materials which have been loaned to defendant Bertling by Plaintiffs.

5. Defendants Bertling, Inc. and Dale A. Bertling are ordered to file with the Court and serve Plaintiffs within thirty (30) days after the service upon defendants Bertling, Inc. and Dale A. Bertling of this permanent injunction, a report in writing and under oath setting forth in detail the manner and form in which they have complied with the injunction granted herein.

6. This Court reserves jurisdiction over this cause for all purposes, including, but not limited to, entry of further judgments in favor of Plaintiffs for damages, attorneys' fees and costs, entry of orders necessary to enforce the terms of this Order, entry of further judgments in favor of Plaintiffs for additional injunctive relief and any other matters deemed appropriate.

DONE AND ORDERED in Chambers in Tampa, Florida this 31 day of January, 2007.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
United States District Judge

Copies to:
    Paul D. Watson, Esq.
    Bertling, Inc.
    Dale A. Bertling
    Charmaine J. Bertling